Frances L. Davis v. Commissioner.
Davis v. Commissioner
Docket No. 22378.
United States Tax Court
1950 Tax Ct. Memo LEXIS 230; 9 T.C.M. (CCH) 306; T.C.M. (RIA) 50096; April 3, 1950
E. D. McCurdy, Esq., 2500 Terminal Tower, Cleveland, Ohio, for the petitioner. Cyrus A. Neuman, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: The Commissioner determined deficiencies for the years 1943 and 1944 as follows: 1943 Income and Victory Tax
$607.06
1944 Income Tax
662.85
The year 1942 is involved, also, because of the provisions of the Current Tax Payment Act of 1943, and one issue relates to the year 1942. The petitioner has abandoned several issues which she pleaded in her petition, as amended. The respondent concedes that he made an error with respect to the amount of a deduction taken for 1943 for sales taxes on cosmetics, which he disallowed. The parties are now agreed upon this item, each admitting error, and effect will be given in a recomputation under Rule 50 to the respective agreements of the parties. Three issues are presented for decision. [1] *232 The first issue relates to loss sustained in 1942 from the wrecking of an automobile in an accident. The respondent has determined that a loss was sustained for which the taxpayer is entitled to deduction under section 23(e)(3) of the Internal Revenue Code. The taxpayer deducted $900 in her 1942 return as the amount of the loss. The respondent allowed a loss of only $376.85, and disallowed $523.15 of the claimed loss, increasing taxable income by the latter amount. The respondent's determination represents his computation of the amount of the loss under section 113(b) of the Code, which relates to adjusted basis for determining gain or loss. The only question under this issue, as raised by the respondent's determination as set forth in the notice of deficiency, is to determine the adjusted basis of the automobile under section 113(b). *233 The second issue relates to the year 1943, only. The question is whether the petitioner is entitled to a personal exemption of $1,200 under section 25(b)(1) of the Code, as amended by section 131(a)(1) of the Revenue Act of 1942. The third issue relates to the years 1943 and 1944. The question is whether the petitioner is entitled to two exemptions for two dependents, children of the petitioner, under section 25(b)(2)(A), as amended by section 131(b) of the Revenue Act of 1942, and as further amended by section 10(b) of the Revenue Act of 1944. The petitioner filed her separate returns with the collector for the eighteenth district of Ohio. Findings of Fact The petitioner resides in Avon, Ohio. Issue 1. The petitioner sustained a loss in 1942 from a casualty which was not compensated for by insurance or otherwise. The loss arose out of damage to a 1940 Buick coupe, super model, which was demolished in an accident in September, 1942. The automobile was not used in a trade or business of the petitioner. The only recovery which the petitioner received was from sale of the automobile for its salvage value, and the recovery was in the amount of $96. Immediately prior to *234 the accident, the automobile had a fair market value of $900. The adjusted basis of the automobile was $900. The loss which was sustained by the petitioner in 1942 was in the amount of $804. Issue 2. The petitioner was married to and lived with Walwin L. Davis during 1943. Petitioner's husband filed a separate return for the year 1943. He had substantial income in 1943. The petitioner and her husband were the parents of three children in 1943, who were named Bob, Donald, and Jean. Walwin Davis established a trust in 1941 for the benefit of the petitioner but it is provided in the trust that the provisions for the benefit of the petitioner shall not be in lieu of or in discharge of any obligation already due upon the part of Walwin Davis to support or maintain the petitioner. Issue 3. During 1943, the petitioner's daughter, Jean, was under 18 years of age, and she was dependent upon and received her chief support from the petitioner. Opinion Issue 1. The respondent in his redetermination of the correct taxable income and income tax liability of the petitioner for 1942, did not determine that the petitioner was not entitled to a loss deduction under section 23(e)(3) of the *235 Code, from which it is understood that he was satisfied that the loss was not compensated for by insurance, or otherwise, and on this point no issue was raised by the pleadings and the petitioner was not under the burden of introducing evidence on this point. He allowed the petitioner a loss deduction, although the amount thereof is less than the petitioner took in her return. The respondent has not made any pleading in his answer or amended answer that a loss was not sustained under the provisions of section 23(e)(3). He has not pleaded that he erred in allowing the petitioner a loss deduction in the amount of $376.85. Findings of fact have been made accordingly, under this issue. The statement attached to the notice of deficiency, in the explanation of the adjustments of the petitioner's taxable income for 1942, shows clearly that the respondent's determination was made under section 113(b) of the Code. The explanation is: "It is held the loss sustained is $376.85 computed under the provisions of section 113(b) of the Internal Revenue Code and allowable as a deduction under the provisions of section 23(e) of the Internal Revenue Code *236 ." The question raised by the pleadings, therefore, relates only to the amount of the loss for which the petitioner is entitled to a deduction. The evidence shows, from which findings of fact are made, that the fair market value of the automobile immediately prior to its demolition in an accident was $900, and that the salvage recovery upon sale of the wreckage was $96. The loss of the petitioeer was, therefore, $804. It is necessary under this issue to determine the adjusted basis of the automobile under section 113(b). Helvering v. Owens, 305 U.S. 468. The adjusted basis was $900. It is held that the respondent erred in determining that the adjusted basis prior to the accident was less than $900. The petitioner took a deduction in her 1942 return in the amount of $900. She now concedes that she over-stated the amount of her loss by $96. There should be disallowed, therefore, only $96 of the deduction which was claimed, and the respondent erred to the extent of $427.15 in his increase of the petitioner's income for 1942 with respect to this item. Issue 2. This issue relates only to the year 1943. The petitioner claimed a personal exemption of $1,200 in her *237 separate return for 1943. This was disallowed by the respondent in toto. Under section 25(b)(1) of the Internal Revenue Code, as amended by section 131(a)(1) of the 1942 Revenue Act, a husband and wife living together shall receive but one personal exemption, and the amount thereof shall be $1,200. "If such husband and wife make separate returns, the personal exemption may be taken by either of them, or divided between them." The petitioner and her husband made separate returns for the year 1943. Under the pertinent provision of the Code, if a taxpayer who is a wife living with her husband in the taxable year, claims that she is entitled to the entire amount, $1,200, of the personal exemption allowed a husband and wife living together, then she must prove that her husband, in his separate income tax return did not claim the entire $1,200 exemption, or one-half of it, $600. In this proceeding, the burden of proof upon the petitioner is to prove that her husband did not claim and receive a personal exemption of either $1,200 or $600 in his return for 1943. The petitioner has failed to introduce any evidence under her burden of proof under this issue. For failure *238 of proof, the respondent's disallowance of a personal exemption of $1,200 is sustained. Issue 3. This issue relates to the years 1943 and 1944. The record contains reference to three children of the petitioner, but the claim of the petitioner for credits for dependents relates to only two of her children, Donald and Jean. The question arises under section 25(b) of the Internal Revenue Code, but the provisions of the Code which apply to 1943 and 1944 are different due to the amendment made by section 10(b) of the 1944 Revenue Act which increased the credit for each dependent from $350 (which was the amount of the credit for each dependent allowed in 1943) to $500. Also, the 1944 amendment changed the statutory definition of a dependent from a person who is under 18 years of age and dependent upon and receiving his chief support from the taxpayer (the definition applicable to the year 1943), to a person having a prescribed relationship to the taxpayer, who receives over half of his support from the taxpayer, and whose income is less than $500. Because of the differences in the definitions of a dependent in section 25(b) of the Code, as that section applied *239 to the years 1943 and 1944, the petitioner's burden of proof under this issue is different with respect to her claim in 1943 than it is with respect to her claim for 1944. There are, therefore, two questions under this issue: (A) Did the petitioner have two dependents in 1943 within the meaning of the term "dependent" as defined in section 25(b)(2)(A), as amended by section 131(b) of the 1942 Revenue Act? (B) Did the petitioner have two dependents in 1944 within the meaning of the term "dependent" as defined in section 25(b)(1)(C) and (3), as amended by section 10(b) of the 1944 Revenue Act? A. The respondent did not allow the petitioner any credit for dependents in 1943. He disallowed her claim for two credits for two dependents, in the amount of $700. It has been found as a fact that petitioner's daughter, Jean, was under 18 years of age in 1943, and that she was dependent upon and received her chief support from the petitioner. Therefore, it is held that Jean was a dependent, and the petitioner is entitled to a credit of $350 for her. The respondent erred in not allowing this credit for 1943. The petitioner claims a credit for her son, Donald. She contends that he was a dependent *240 of hers in 1943. Under section 25(b) of the Code, as amended by section 131(b) of the 1942 Act, a condition must be met in order to come within the definition of a dependent; it must be shown that the alleged dependent is under 18 years of age. The petitioner has failed to prove that her son Donald was under 18 years of age in 1943. She was asked to state his age in 1943, but she could not remember his age, and her testimony was only that he was under 21 years of age in 1943. It is held, for failure of proof, that Donald, a son of petitioner, was not a dependent during 1943, within the provisions of section 25(b)(2)(A), and that the respondent properly disallowed a credit of $350 for him. B. Section 25(b) of the Code, as amended by section 10(b) of the 1944 Act defines a dependent as a person, over half of whose support was received from the taxpayer who claims that the person is a dependent, provided that the person comes within a specified relationship to the taxpayer. However, section 10(b) also provides that a surtax exemption of $500 for each dependent shall be allowed only if the gross income of the dependent is less than $500. The petitioner has the burden of proving that *241 Donald and Jean had gross income, each, of less than $500 in 1944. She has failed to prove the facts which are a condition precedent to obtaining a credit for a dependent. The evidence relating to this question is not clear. The petitioner testified that her husband had substantial income in 1944, and that he had created a trust in 1941. The petitioner's counsel admitted during the trial that the provisions of the trust did not relieve the petitioner's husband from his obligation to support his children, as well as his wife. (See p. 56 of the transcript.) On the other hand, the petitioner testified that, in 1944, her husband stopped paying household bills; that she paid for the food and clothing of herself and her children, and paid various charges for mortgage interest, insurance and taxes on their home; and that her husband did not contribute anything to the support of the two children in question. However, there is no testimony, or any other type of evidence, which establishes the fact that Donald and Jean, each, did not have some income in 1944, and, if they had any income that it was, for each one, less than $500. Upon the record under this question, it must be concluded that *242 the petitioner has failed to meet her burden of proof. This conclusion may be harsh. However, the respondent's determination is prima facie correct, as a matter of law. The petitioner, in her return for 1944, claimed two credits of $500, each, for two dependents, and the respondent disallowed both credits. The petitioner must bring her claim for these credits within all of the provisions of section 10(b) of the 1944 Revenue Act, which amended section 25(b) of the Code. Perhaps it would be proper to resolve some doubts in the petitioner's favor with respect to the evidence upon the question whether Donald and Jean received over half of their support from the petitioner during the year 1944. The evidence strongly supports that conclusion. But an assumption cannot be made that Donald and Jean had no income of their own in 1944, or that the income of each was less than $500 in 1944, in view of the prima facie correctness of the respondent's determination, and the clear provisions of section 25(b)(1)(C) of the Code as amended by section 10(b) of the 1944 Act. The question which the statute presents, which is unanswered by any evidence in this proceeding, is whether either of the children *243 had independent income, and, if so, how much? We are reluctant, of course, to reach a result under this question which might be wrong, as a matter of fact; but we do not know from the record before us what the material fact is. Therefore, it is held that the respondent did not err in disallowing $1,000, two credits claimed for two alleged dependents in 1944. Under this question the respondent is sustained. Decision will be entered under Rule 50. Footnotes
1. The petition and the amendments to the petition, and the brief of the petitioner contain errors with respect to the years to which certain issues relate. The errors are ascertained by referring to the statement attached to the notice of deficiency. The above statement which sets forth the three issues is a correct statement of all of the issues. Respondent's brief falls into error about the question under one issue also.↩